**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

JOSE OLMEDA,

    Plaintiffs,

        v.     CIV. NO. 02-2483 (PG)

UNITED STATES OF AMERICA,

    Defendant.

**OPINION AND ORDER**

Before the Court is defendant's Motion to Dismiss for Lack of Jurisdiction. (Docket No. 42.) Upon reviewing the record, the Court **DENIES** defendant's motion.

**FACTUAL BACKGROUND**

On March 13, 2001, plaintiffs Jose Olmeda, Gelson Rivera, and Edgardo Felix were involved in an automobile accident on their way to work at the Naval Base Roosevelt Roads in Ceiba, Puerto Rico. The Complaint states that plaintiffs were traveling in Mr. Olemda's car and that upon reaching the intersection of Towway Road and Marina By Pass the driver of a government owned vehicle, later identified as Mr. Bobby Holmes, recklessly invaded their lane and impacted their vehicle. As a result of the accident, the three men suffered serious injuries and had to undergo extensive medical treatment. On October 1, 2002, Olemda, Rivera and Felix, their respective wives, America I. Rivera, Raquel Peña, and Virna E. Maldonado, as well as the conjugal partnership constituted by them filed suit against the U.S. Department of the Navy to recover for the damages suffered. Defendant moves to partially dismiss the complaint alleging several plaintiffs failed to file an administrative claim as required by law.

**DISCUSSION**

    **I.    Standard of Review**

Under Rule 12(b)(2), a defendant may move to dismiss an action against him or her for lack of personal jurisdiction. See Fed. R. Civ. P. 12(b)(2). See Santiago-Gonzalez v. Motion Powerboats, Inc., 334 F.Supp.2d 98, 101-102

Civ. No. 02-2483(PG)                                                    Page 2

(D.P.R. 2004). Likewise, a defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).  When ruling on either 12(b)(1) or 12(b)(2) motion, a court must accept all well-pled factual averments as true and must draw all reasonable inferences in the plaintiffs' favor. Pejepscot Indus. Park v. Maine Cent. R.R., 215 F.3d 195, 197 (1st Cir. 2000). See Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994).  Notwithstanding, "[i]n a situation where the parties dispute the predicate facts allegedly giving rise to the court's jurisdiction, the district court will often need to engage in some preliminary fact-finding." Skwira v. U.S., 344 F.3d 64, 71 -72 (1 st cir. 2003).  "In that situation, the district court enjoys broad authority to ... consider extrinsic evidence...in order to determine its own jurisdiction." Id. (quoting Valentín v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir.2001)). See Lopez v. U.S.Lopez v. U.S.,  349 F.Supp.2d 179, 183 (D.Mass. 2004).  Thus, "in order to establish its authority to hear a case, a district court may (1) consider evidence submitted by the parties, such as depositions and exhibits; (2) entertain arguments not raised by the parties' memoranda; and (3) resolve factual disputes, if necessary." Id. (quoting Heinrich v. Sweet, 44 F.Supp.2d 408, 415 (D.Mass. 1999)(internal quotation marks omitted).  A court should not dismiss a complaint for lack of subject matter jurisdiction unless it is clear that plaintiff will be unable to prove any set of facts which would entitle him to recovery. See LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998).  The party asserting federal jurisdiction, once challenged on the issue, bears the burden of demonstrating its existence. Bull HN Information Systems, Inc. v. Hutson, 229 F.3d 321, 328 (1st Cir. 2000)(citing Department of Recreation and Sports of Puerto Rico v. World Boxing Ass'n, 942 F.2d 84, 88 (1st Cir.1991).

### II.  **Federal Tort Claims Act ("FTCA")**

The FTCA, "waives the sovereign immunity of the United States and permits tort actions in federal court, provided that a tort claimant exhaust administrative remedies before filing suit in federal court." Lopez v. U.S., 349 F.Supp.2d at 183-184 (citing Coska v. United States, 114 F.3d 319, 323 n.

Civ. No. 02-2483(PG)                                                   Page 3

8 (1st Cir. 1997). Section 2675 of the FTCA "establishes as a jurisdictional requirement that all potential plaintiffs give administrative notice to the Government of the nature of any claim against the United States and the amount of damages requested." Vega v. U.S., 68 F.Supp.2d 113, 116-117 (D.P.R. 1999); see 28 U.S.C. § 2675[1]. The purpose of the administrative claims process is "to furnish notice to the government sufficient to allow it to investigate the alleged negligent episode to determine if settlement would be in the best interests of all." Lopez v. United States, 758 F.2d 806, 809-810 (1st Cir. 1985). A potential plaintiff satisfies the FTCA's notice requirement "if he or she provides a claim form [an executed Standard Form 95](hereinafter "SF 95") or other written notification which includes (1) sufficient information for the agency to investigate the claims, and (2) the amount of damages sought." Santiago-Ramirez v. Sec'y of Dept. of Def., 984 F.2d 16, 19 (1st Cir. 1993) (internal quotation marks omitted). The First Circuit "approaches the notice requirement leniently, recognizing that individuals wishing to sue the government must comply with the details of the law, but also keeping in mind that the law was not intended to put up a barrier of technicalities to defeat their claims." Id. (quoting Lopez v. United States, 758 F.2d at 809-10). See also Skwira v. U.S., 344 F.3d 64, 70 (1st Cir. 2003); Lopez v. U.S., 349 F.Supp.2d at 183-184.

### III. Analysis

Defendant argues that plaintiffs America I. Rivera, Virma E. Maldonado, and Raquel Peña, as well as the Conjugal Partnerships Olmeda-Rivera, Felix-Maldonado, and Rivera-Peña, have not complied with the requirements of the FTCA inasmuch as they failed to file an administrative claim before the appropriate federal agency prior to brining suit. Accordingly, they aver this Court lacks jurisdiction over their claims. Defendant supports its allegation

---

[1] Section 2675(a) states in pertinent part: "An action shall not be instituted upon a claim against the United States for money damages... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the agency in writing and sent by certified or registered mail."

Civ. No. 02-2483(PG)                                                    Page 4

with Lieutenant Colonel Thomas F. Strunck, Jr.,'s declaration under penalty of perjury which states that the U.S. Army Claims Service has no record of an administrative claim ever been filed by plaintiffs America I. Rivera, Virna E. Maldonado, and Raquel Peña[2]. To the contrary plaintiffs argue that they filed the prerequisite administrative claim and exhausted all available administrative remedies[3].

The record reveals that on February 22, 2002, plaintiffs timely filed three separate administrative claims for the personal and property damages plaintiffs suffered as a result of the March 13, 2001 accident with the Department of Navy, copy of which were notified by certified mail to the Attorney General of the United States. (See Docket No. 44, Exhibits 1, 2, & 3.) Plaintiffs sent three letters to the Department of the Navy. With each letter they attached an SF 95 form and included copy of a draft of the complaint. One letter addressed Jose Olmeda and the Conjugal partnership Olmeda-Rivera's claim. Another regarded Gelson Rivera and the Conjugal partnership Rivera-Peña's claim. The third letter informed Edgardo Felix and the Conjugal Partnership Felix-Maldonado's claim. In each letter plaintiffs' attorney narrated the events of the March 13, 2001 accident, the people involved, the damages each plaintiff sustained, and the amount damages sought. The SF 95 form attached to each letter made reference to the draft of the complaint was sent to the Department of the Navy which included detailed averments of the March 13, 2001 accident, the circumstances of the incident, the parties involved, the specific damages suffered by each plaintiff, and the damages each sought.

It is clear that the FTCA's requirement were satisfied as to the Conjugal partnerships Olmeda-Rivera, Rivera-Peña, and Felix-Maldonado given that the

---

[2] The administrative claim was subsequently referred to and handled by the U.S. Department of Army since the driver of the government owned vehicle who caused the accident object of the present complaint was identified to be a member of the U.S. Army and not the U.S. Navy.

[3] Plaintiffs also claim that the defense of lack of in personam jurisdiction was waived by defendant when it failed to assert the same in its responsive pleading. Because we find that plaintiffs complied with the administrative notice requirement, the Court needs not address this issue.

Civ. No. 02-2483(PG)                                                    Page 5

three letters expressly identified each conjugal partnership's claims and amount of damages sought.  Regarding plaintiffs America I. Rivera, Virma E. Maldonado, and Raquel Peña, although the letters did not specifically address their claims, the draft of the complaint, included with the SF 95 form and the letter, clearly states on pages 9-10 the damages each wife suffered as a result of their respective husband's accident and the amount of damages each sought. Hence, the agency was properly informed and made aware of sufficient information to investigate the claims with regards to these three plaintiffs. See Santiago-Ramirez v. Sec'y of Dept. of Def., 984 F.2d 16, 19 (1st Cir. 1993). Following the First Circuit's lenient approach to the notice requirement and in keeping with the principle that the law was not intended to put up a barrier of technicalities to defeat a plaintiff's claims, the Court finds that plaintiffs complied with the FTCA's requirements. Accordingly the Court has jurisdiction over America I. Rivera, Virma E. Maldonado, and Raquel Peña's claims[4].

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss (Docket No. 42) is **DENIED.**


**IT IS SO ORDERED.**

In San Juan, Puerto Rico, October 7, 2005.


                                          S/JUAN M. PEREZ-GIMENEZ
                                          U. S. DISTRICT JUDGE

---

[4] On July 9, 2002, the U.S. Department of the Army denied by certified mail the administrative claims of plaintiffs Jose L. Olmeda, Edgardo Felix and Gelson Rivera claiming defendant is immune from suit as the purported statutory employer of plaintiffs. The U.S. Department of the Army did not address the derivative claims of plaintiffs' respective spouses.  Six months elapsed since the presentation of their corresponding administrative claims and the filing of the complaint.  Pursuant to the FTCA "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim". 28 U.S.C.A. § 2675(a).